UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.  CASE NO: 3:18-cr-76-TJC-LLL

JACETA ANYA STREETER  ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A)

**O R D E R**

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED after complete review of the motion on the merits.

Defendant Jaceta Anya Streeter is a 42-year-old inmate incarcerated at Tallahassee FCI, serving a 124-month term of imprisonment for wire fraud and aggravated identity theft. (Doc. 88, Judgment.) According to the Bureau of Prisons (BOP), she is scheduled to be released from prison on December 22, 2028. Defendant seeks compassionate release because her seven-year-old son, J.W., was injured by a pit bull and she contends that J.W.'s two primary caregivers, ages 58 and 70, have health problems that diminish their ability to

care for him. (Doc. 129, Sealed Motion for Compassionate Release; Docs. 129-1 through 129-3, Def. Exhibits.) The government responds that Defendant has not exhausted administrative remedies[1], has not shown extraordinary and compelling reasons, and that the § 3553(a) factors do not support a reduction in sentence. (Doc. 133, Response; Docs. 133-1 through 133-5, Gov't Exhibits.)

A district court "may not modify a term of imprisonment once it has been imposed," except under certain circumstances defined by statute. 18 U.S.C. § 3582(c). One of those exceptions is § 3582(c)(1)(A), which provides:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment ... if it finds that extraordinary and compelling reasons warrant such a reduction … and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i). The Eleventh Circuit instructs that U.S.S.G. § 1B1.13 is the applicable policy statement for all § 3582(c)(1)(A) motions, and that "a district court cannot grant a motion for reduction if it would be inconsistent with the [Sentencing] Commission's policy statement defining 'extraordinary and compelling reasons.'" United States v. Bryant, 996 F.3d

---

[1] Although Defendant has not filed a reduction-in-sentence request with her warden based specifically on her son's injury from the pitbull attack, she has filed a request based on the alleged incapacity of her son's caregiver(s). (Doc. 133-4; Doc. 133-5.) Thus, the Court assumes that Defendant has satisfied § 3582(c)(1)(A)'s exhaustion requirement.

1243, 1247, 1249 (11th Cir.), cert. denied, 142 S. Ct. 583 (2021); see also U.S.S.G. § 1B1.13, cmt. 1 (defining "extraordinary and compelling reasons").

"[B]y dint of § 3582(c)(1)(A)'s plain text, a district court may reduce a term of imprisonment if (1) the § 3553(a) sentencing factors favor doing so, (2) there are 'extraordinary and compelling reasons' for doing so, and … (3) doing so wouldn't endanger any person or the community within the meaning of § 1B1.13's policy statement." United States v. Tinker, 14 F.4th 1234, 1237 (11th Cir. 2021). "Because all three conditions—i.e., support in the § 3553(a) factors, extraordinary and compelling reasons, and adherence to § 1B1.13's policy statement—are necessary, the absence of even one would foreclose a sentence reduction." Id. at 1238.

A movant under § 3582(c)(1)(A) must prove that a sentence reduction is warranted. United States v. Kannell, 834 F. App'x 566, 567 (11th Cir. 2021) (citing United States v. Green, 764 F.3d 1352, 1356 (11th Cir. 2014)). "Because the statute speaks permissively and says that the district court 'may' reduce a defendant's sentence after certain findings and considerations, the court's decision is a discretionary one." United States v. Harris, 989 F.3d 908, 911 (11th Cir. 2021).

As relevant here, the policy statement defines "[t]he death or incapacitation of the caregiver of the defendant's minor child or minor children" as an "extraordinary and compelling reason" for a sentence reduction.

3

U.S.S.G. § 1B1.13, cmt. 1(C)(i). Unlike Application Note 1(C)(ii) (concerning the incapacitation of the defendant's spouse or registered partner), Application Note 1(C)(i) does not require a defendant to show that no other caregiver is available for the minor child(ren). All the same, other courts have "consider[ed] whether the need for a caretaker is so dire that the inmate is the only feasible option." See United States v. Hunter, No. 3:19-cr-182, 2021 WL 4942168, at *3 (S.D. Ohio Oct. 22, 2021) (collecting cases); see also United States v. Kannell, No. 22-10244, 2022 WL 2452620, at *1 (11th Cir. July 6, 2022) (affirming denial of compassionate release to defendant seeking release to care for her daughter, after her husband passed away, where another person was willing and able to care for the daughter); United States v. Ratliff, No. 3:18-cr-206-MMH-LLL, 2022 WL 1171244, at *2–3 (M.D. Fla. Apr. 20, 2022) (denying motion for compassionate release, after children's grandmother and caregiver passed away, where the defendant's "teenage children ha[d] a suitable and willing caregiver in Ratliff's adult son and girlfriend."). Thus, while Application Note 1(C)(i) does not require the defendant to show the unavailability of another caregiver, the availability of a competent and willing caregiver may inform the exercise of the Court's discretion. See Harris, 989 F.3d at 911 (noting that a court's decision under 18 U.S.C. § 3582(c)(1)(A) "is a discretionary one.").

4

Defendant seeks compassionate release because her seven-year-old son, J.W., was injured by a pit bull and because J.W.'s primary caregivers—J.W.'s paternal grandmother (age 58) and J.W.'s maternal grandmother (age 70)—suffer from health and mobility problems that allegedly impair their ability to care for him. The Court acknowledges that J.W.'s current caregivers appear to have health conditions: the paternal grandmother (age 58) has lumbar and cervical spine disorders and chronic pain, and the maternal grandmother (age 70) purportedly has HIV/AIDS, chronic obstructive pulmonary disorder (COPD), diabetes, and hypertension. (Sealed Doc. 129-1 at 2–3; Doc. 129-2 at 13–30.) These conditions would surely make it difficult to care for a young child. However, the records do not show that both of J.W.'s caregivers are so impaired as to be considered "incapacitated." See U.S.S.G. § 1B1.13, cmt. 1(C)(i). Moreover, Defendant has several siblings in the Jacksonville, Florida area, and she fails to establish that no other suitable caregivers are available for J.W. (See Doc. 83, PSR ¶¶ 64–65.)

In any event, the sentencing factors under 18 U.S.C. § 3553(a) do not support reducing Defendant's sentence. 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13. Defendant was convicted of wire fraud and aggravated identity theft, marking her fourth conviction on fraud charges in federal court alone. (See Doc. 83 ¶¶ 46, 49, 50.) In this case, she stole the identities of at least eight people and made more than $15,000 in fraudulent purchases on their credit

5

accounts. (Id. at ¶¶ 11-21.) As the Court explained at sentencing, although Defendant's crimes did not involve a high loss amount, "it is still extremely pernicious, extremely damaging, when you're talking about stealing the identities of real, live people, using their credit." (Doc. 100, Sentencing Transcript at 58.) Moreover, Defendant has a lengthy record of prior convictions for fraud, forgery, and other crimes of dishonesty. (Doc. 83 ¶¶ 43–50.) Her prior convictions and sentences—one of which was a 108-month federal prison sentence—failed to deter her from committing further crimes. (See Doc. 100 at 60.) Indeed, she committed the instant offense even while on supervised release for a previous federal fraud conviction. As the Court noted at sentencing, while Defendant appears to struggle with mental health issues, she "does know right from wrong," she knows that her conduct is against the law, yet "she keeps doing it anyway, it's pernicious, and it shows a complete lack of respect for the law." (Id. at 60–61.) And the Court remarked "that apparently the only thing that stops [Defendant] from doing this is when she's in prison," (id. at 60), because she "has proved herself to be incorrigible. She just keeps doing it," (id. at 61). Given her unrelenting history of committing fraud crimes, there is too great a risk she would return to committing such offenses if released.

Releasing Defendant early would fail to reflect the seriousness of the offense, promote respect for the law, and afford adequate deterrence. In view

6

of all the § 3553(a) factors, reducing Defendant's term of imprisonment would not be consistent with the statutory purposes of sentencing at this time.

**DONE AND ORDERED** at Jacksonville, Florida this 9th day of January, 2023.



TIMOTHY J. CORRIGAN
United States District Judge

lc 19

Copies:
Counsel of record
Defendant